# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**484**

**KA 11-02604**

PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

HADJI S. HILL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 20, 2011.  The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, upon his guilty plea, of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that County Court erred in accepting his plea.  According to defendant, his plea was not knowingly and voluntarily entered because the court failed to advise him that justification was a defense to manslaughter in the first degree.  We reject that contention.

When defendant was initially charged with murder in the second degree for stabbing his uncle to death, he pleaded guilty to manslaughter in the first degree in return for a sentence promise of 15 years in prison.  Although we affirmed the judgment of conviction (*People v Hill*, 66 AD3d 1471), the Court of Appeals reversed our order and vacated the plea because "defendant denied that he intended to cause serious physical injury to his uncle, thus negating the intent element of first-degree manslaughter" (*People v Hill*, 16 NY3d 811, 814).  Upon remittal, the case proceeded to a jury trial, during which defendant again pleaded guilty to manslaughter in the first degree, but this time with a sentence promise of 12 years.  During the plea colloquy, the court advised defendant that, by pleading guilty, he would be waiving the justification defense he asserted at trial with respect to the murder charge.  The court later imposed the promised sentence, and defendant did not move to withdraw his plea or to vacate the judgment of conviction.  Contrary to defendant's contention, the

court was not obligated to inform him prior to the plea that justification is also a defense to manslaughter in the first degree, and that he was waiving such defense by pleading guilty.

Defendant failed to preserve for our review his contention that the plea was not knowingly or voluntarily entered (*see People v Darling*, 125 AD3d 1279, 1279), and we conclude that this case does not fall within the narrow preservation requirement set forth in *People v Lopez* (71 NY2d 662, 666), such that the court had a duty to inquire further into the voluntariness of the plea (*see Darling*, 125 AD3d at 1279). " '[W]hen a criminal defendant waives the fundamental right to trial by jury and pleads guilty, due process requires that the waiver be knowing, voluntary and intelligent' " (*People v Mox*, 20 NY3d 936, 938, quoting *People v Hill*, 9 NY3d 189, 191, *cert denied* 553 US 1048). Although "no catechism is required in connection with the acceptance of a plea" (*People v Goldstein*, 12 NY3d 295, 301), it is well settled that, "where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure that defendant's guilty plea is knowing and voluntary" (*Lopez*, 71 NY2d at 666).

Here, defendant did not suggest during his plea colloquy that he acted in self-defense when he stabbed the victim, nor did he otherwise say anything that cast doubt upon his guilt or called into question the voluntariness of the plea (*cf. Mox*, 20 NY3d at 938-939; *People v Dukes*, 120 AD3d 1597, 1598-1599). Thus, the court was not required to inquire further of defendant to ensure that his plea was knowingly and voluntarily entered. Although it is true, as defendant points out, that defense counsel raised the justification defense in his opening statement during the jury trial that ended with the plea, defendant cites no authority for the proposition that a court must conduct a *Lopez* inquiry with respect to all possible defenses regardless of whether they are referenced by the defendant during the plea colloquy.

Entered:  May 8, 2015                     Frances E. Cafarell
                                          Clerk of the Court