# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**492**

**KA 15-01891**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

BENJAMIN SHEPPARD, DEFENDANT-APPELLANT.

---

SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered September 3, 2015. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of assault in the second degree (Penal Law § 120.05 [7]), defendant contends that his plea was not voluntarily, knowingly, or intelligently entered. Defendant failed to preserve his contention for our review inasmuch as he did not move to withdraw his plea or to vacate the judgment of conviction pursuant to CPL article 440 (*see People v Hill*, 128 AD3d 1479, 1480, *lv denied* 26 NY3d 930). Contrary to defendant's contention, this case does not fall within the rare exception to the preservation doctrine inasmuch as nothing in the plea colloquy "casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (*People v Lopez*, 71 NY2d 662, 666; *see Hill*, 128 AD3d at 1480). To the extent that defendant's contention is based upon matters outside the record, he may raise his contention in a motion pursuant to CPL 440.10 (*see People v Medina*, 132 AD3d 1363, 1364).

Entered: April 28, 2017                    Frances E. Cafarell
                                           Clerk of the Court