People v Thomas (2020 NY Slip Op 04669)





People v Thomas


2020 NY Slip Op 04669


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


380 KA 19-00528

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHESTER J. THOMAS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, A.J.), entered November 24, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that Supreme Court erred in granting an upward departure from his presumptive classification as a level one risk to a level two risk. We reject that contention.
It is well settled that when the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines," a court "must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure" from a sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Sincerbeaux, 27 NY3d 683, 689-690 [2016]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]).
Here, the People established by clear and convincing evidence the existence of aggravating factors not adequately taken into account by the risk assessment guidelines. Contrary to defendant's contention, the court "properly relied upon factors that, as a matter of law, . . . tend[ed] to establish a higher likelihood of reoffense or danger to the community' " (People v Vaillancourt, 112 AD3d 1375, 1376 [4th Dept 2013], lv denied 22 NY3d 864 [2014]; see People v Wyatt, 89 AD3d 112, 123 [2d Dept 2011], lv denied 18 NY3d 803 [2012]), including his history of violence toward the victim that, despite criminal sanctions resulting therefrom, subsequently escalated to the underlying violent sex offense against the victim (see People v Gonzalez, 178 AD3d 741, 742 [2d Dept 2019], lv denied 35 NY3d 902 [2020]; People v Amorin, 164 AD3d 1483, 1483-1484 [2d Dept 2018]; People v Davis, 139 AD3d 1226, 1228 [3d Dept 2016]). Contrary to defendant's further contention, the aggravating factors outweighed any mitigating factors, and the totality of the circumstances thus warranted an upward departure to avoid an under-assessment of defendant's dangerousness and risk of sexual recidivism (see People v Mangan, 174 AD3d 1337, 1339 [4th Dept 2019], lv denied 34 NY3d 905 [2019]; People v Sczerbaniewicz, 126 AD3d 1348, 1349-1350 [4th Dept 2015]; see generally Gillotti, 23 NY3d at 861).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court