People v Tengbeh (2020 NY Slip Op 07808)





People v Tengbeh


2020 NY Slip Op 07808


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1174 KA 19-01867

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAHR TENGBEH, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 


 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered August 2, 2019. The judgment convicted defendant upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3] [a] [ii]). Assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) or does not encompass his contentions on appeal (see generally People v Butler, 151 AD3d 1959, 1959-1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]; People v Lynn, 144 AD3d 1491, 1492-1493 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]; People v Rodas, 131 AD3d 1181, 1181-1182 [2d Dept 2015], lv denied 26 NY3d 1111 [2016]), we conclude that defendant's contentions lack merit. Contrary to defendant's contention, County Court did not abuse its discretion in denying defendant's request for an adjournment. "[T]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court . . . , and [t]he court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice" (People v Atkins, 162 AD3d 1729, 1730 [4th Dept 2018], lv denied 32 NY3d 1002 [2018] [internal quotation marks omitted]; see People v Micolo, 171 AD3d 1484, 1485 [4th Dept 2019], lv denied 35 NY3d 1096 [2020]). Defendant made no such showing here.
Defendant relies on the procedures set forth in CPL 410.70 for his contention that the court erred in determining that he violated the conditions of his interim probation, but we note that CPL 400.10, not CPL 410.70, applies to the revocation of defendant's interim probation prior to sentencing (see People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]). Contrary to defendant's contention, the court did not err in determining that defendant violated the conditions of interim probation inasmuch as the "summary hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to assure itself that the information upon which it was basing its determination . . . was reliable and accurate" (Lynn, 144 AD3d at 1493 [internal quotation marks omitted]; see Butler, 151 AD3d at 1960).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court