People v Magee (2021 NY Slip Op 00721)





People v Magee


2021 NY Slip Op 00721


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


843/19 KA 17-01753

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY R. MAGEE, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (SUSAN M. HOWARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered July 10, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. The judgment was affirmed by order of this Court entered September 27, 2019 in a memorandum decision (175 AD3d 1824), and defendant on January 24, 2020 was granted leave to appeal to the Court of Appeals from the order of this Court (34 NY3d 1130), and the Court of Appeals on December 15, 2020 reversed the order and remitted the case to this Court for consideration of issues raised but not decided on the appeal to this Court (— NY3d — [Dec. 15, 2020]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Bisono, — NY3d &mdash, 2020 NY Slip Op 07484 [2020], revg People v Magee, 175 AD3d 1824 [4th Dept 2019]). We previously affirmed the judgment convicting defendant upon his plea of guilty of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]), concluding that defendant's waiver of the right to appeal was knowing, voluntary and intelligent and that the waiver encompassed his challenge to the severity of the sentence (Magee, 175 AD3d at 1824-1825). The Court of Appeals reversed, stating that, under the totality of the circumstances, the waiver of the right to appeal was invalid because "the rights encompassed by [the] appeal waiver were mischaracterized during the oral colloquy and in [the ]written form[] executed by defendant, which indicated the waiver was an absolute bar to direct appeal, failed to signal that any issues survived the waiver and . . . advised that the waiver encompassed 'collateral relief on certain nonwaivable issues in both state and federal courts' " (Bisono, — NY3d at &mdash, 2020 NY Slip Op 07484, *2). The Court of Appeals remitted the matter to this Court "for consideration of issues raised but not decided" previously (id. at &mdash, 2020 NY Slip Op 07484, *2-3).
After review of defendant's contention upon remittitur, we conclude that the sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court