People v Boje (2021 NY Slip Op 02899)





People v Boje


2021 NY Slip Op 02899


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


161 KA 19-00078

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAYLOR T. BOJE, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 28, 2018. The judgment convicted defendant upon his plea of guilty of criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]).
By failing to move to withdraw the plea or to vacate the judgment, defendant failed to preserve for our review his contention that his plea was not voluntarily, knowingly, or intelligently entered (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Hill, 128 AD3d 1479, 1480 [4th Dept 2015], lv denied 26 NY3d 930 [2015]; People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). Furthermore, this case does not fall within the rare exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; Hill, 128 AD3d at 1480).
We further conclude that defendant was afforded due process with respect to the imposition and subsequent revocation of interim probation, and that County Court properly determined that defendant violated the conditions of his interim probation. Under the terms of defendant's plea agreement, he was placed on a one-year period of interim probation, which, if successfully completed, would be followed by a one-year term of probation and the felony charge to which he pleaded guilty would be reduced to a misdemeanor. The court explained the conditions of the interim probation to defendant during the plea colloquy and provided him with a written copy of those conditions, which defendant acknowledged and signed. During the period of interim probation, the probation department filed a petition charging defendant with violations of the conditions. After a hearing, the court determined that defendant had violated the conditions of his interim probation and sentenced him to an indeterminate term of incarceration.
Contrary to defendant's contention, "[t]he procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]). Instead, because interim probation is imposed prior to sentencing, the presentence procedures set forth in CPL 400.10 apply (see id.). Here, the "hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (id., quoting People v Outley, 80 NY2d 702, 712 [1993]; see People v Wissert, 85 AD3d 1633, 1634 [4th Dept 2011], lv denied 17 NY3d 956 [2011]; People v Saucier, 69 AD3d [*2]1125, 1126 [3d Dept 2010]). Although defendant now contends that the court improperly relied on hearsay in making its determination, he failed to preserve that contention for our review inasmuch as he did not object on that ground when the court gave him an opportunity to do so (see People v Koons, 187 AD3d 1638, 1639 [4th Dept 2020]; People v Dissottle, 68 AD3d 1542, 1544 [3d Dept 2009], lv denied 14 NY3d 799 [2010]).
We agree with defendant, however, that the court erred in setting the expiration date for the order of protection without "taking into account [the] jail time credit to which defendant is entitled" (People v Mingo, 38 AD3d 1270, 1271 [4th Dept 2007] [internal quotation marks omitted]; see People v Coleman, 145 AD3d 1641, 1642 [4th Dept 2016], lv denied 29 NY3d 947 [2017]; People v Adams, 66 AD3d 1355, 1356 [4th Dept 2009], lv denied 13 NY3d 858 [2009]). Although defendant failed to preserve that contention for our review (see People v Nieves, 2 NY3d 310, 315-317 [2004]), we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.12 (5).
We conclude that the sentence is not unduly harsh or severe. Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of criminal contempt in the first degree under Penal Law § 215.51 (b) (iv), and it must therefore be amended to reflect that defendant was actually charged and convicted under section 215.51 (b) (v) (see People v Bumpars, 178 AD3d
1379, 1381 [4th Dept 2019], lv denied 36 NY3d 1055 [2021]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court