People v McIntosh (2023 NY Slip Op 00588)

People v Mcintosh

2023 NY Slip Op 00588

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, BANNISTER, AND MONTOUR, JJ.

961 KA 22-00111

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILLIP G. MCINTOSH, DEFENDANT-APPELLANT. 

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Chauncey J. Watches, J.), rendered December 9, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]). County Court initially imposed a term of interim probation supervision (see CPL 390.30 [6]), but the court revoked the interim probation following a hearing and sentenced defendant to a term of incarceration.
Defendant contends that the court erred in determining that he violated the conditions of his interim probation because, despite the testimony and documentary evidence presented by the People at the hearing, the court should have credited the reasonable explanations he offered during his testimony. We reject that contention. Initially, contrary to defendant's suggestion, "[t]he procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]). Instead, "because interim probation is imposed prior to sentencing, the presentence procedures set forth in CPL 400.10 apply" (People v Boje, 194 AD3d 1367, 1368 [4th Dept 2021], lv denied 37 NY3d 970 [2021]; see Rollins, 50 AD3d at 1536). Here, the "hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (Rollins, 50 AD3d at 1536, quoting People v Outley, 80 NY2d 702, 712 [1993]; see Boje, 194 AD3d at 1368). Indeed, upon conducting the hearing, the court "possessed sufficient reliable and accurate information to support its conclusion that there was a legitimate basis for the defendant's discharge from [two drug] treatment program[s], and that his failure to successfully complete the program[s and his absence from the county without permission] constituted . . . violation[s] of [the] condition[s] of his interim probation" (People v Rodas, 131 AD3d 1181, 1182 [2d Dept 2015], lv denied 26 NY3d 1111 [2016]; see Boje, 194 AD3d at 1368; see also People v Lynn, 144 AD3d 1491, 1492-1493 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]). Moreover, defendant was afforded the opportunity to testify to his ostensibly exculpatory explanations and, contrary to his contention, the court was entitled to discredit his version of events and find his excuses insufficient (see People v Reynolds, 27 NY3d 1099, 1102 [2016]; People v Albergotti, 17 NY3d 748, 750 [2011]; Outley, 80 NY2d at 714; People v Alsaaidi, 173 AD3d 1836, 1837 [4th Dept 2019], lv denied 35 NY3d 940 [2020]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court