People v Pearsall (2024 NY Slip Op 04035)

People v Pearsall

2024 NY Slip Op 04035

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

546 KA 23-00787

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DWAYNE A. PEARSALL, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
KEVIN T. FINNELL, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Genesee County Court (Thomas D. Williams, A.J.), dated April 20, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.) after a conviction of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and sexual abuse in the first degree (§ 130.65 [3]) arising from his separate acts of sexual conduct against, respectively, a 13-year-old girl (first victim) and a 3-year-old girl (second victim). Even assuming, arguendo, that defendant is correct that he should have been assessed only 5 points rather than 30 points under risk factor 9 on the risk assessment instrument for his prior conviction of attempted endangering the welfare of a child (see People v Lewis, 178 AD3d 971, 972 [2d Dept 2019]; People v Freeman, 85 AD3d 1335, 1335-1336 [3d Dept 2011]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13-14 [2006]), thereby rendering him a presumptive level two risk, we reject defendant's further contention that County Court erred in determining in the alternative that an upward departure to a level three risk was warranted, and thus we affirm.
"[W]hen the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are, 'as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines,' a court 'must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure' from a sex offender's presumptive risk level" (People v Havlen, 167 AD3d 1579, 1579 [4th Dept 2018], quoting People v Gillotti, 23 NY3d 841, 861 [2014]). Here, contrary to defendant's contention, the written statement of the police detective who investigated the offenses, which was prepared for the presentence investigation report and included therein, constitutes "reliable hearsay" upon which the court properly relied in making the upward departure (§ 168-n [3]; see People v Diaz, 34 NY3d 1179, 1181 [2020]; People v Mingo, 12 NY3d 563, 573-574 [2009]). Moreover, the court properly credited the detective's statement that, during the course of the investigation, he spoke on numerous occasions with a third victim, who had been traumatized by the sexual abuse she endured as a five-year-old child and thus declined to pursue criminal charges against defendant out of fear of going public (see People v Tidd, 128 AD3d 1537, 1537-1538 [4th Dept 2015], lv denied 25 NY3d 913 [2015]; see generally Diaz, 34 NY3d at 1181). The court also properly credited the uncontested information in the case summary that the conduct underlying defendant's prior conviction of attempted endangering the welfare of a child involved defendant's physical abuse of the second victim's mother, upon whom he admittedly "left [*2]marks," in the presence of their infant child (see People v Auger, 162 AD3d 1082, 1083 [2d Dept 2018], lv denied 32 NY3d 907 [2018]; People v James, 45 AD3d 555, 556 [2d Dept 2007], lv denied 10 NY3d 710 [2008]). We therefore conclude that the People established by clear and convincing evidence the existence of aggravating factors not taken into account by the risk assessment guidelines—i.e., defendant had, in addition to the first victim and second victim, similarly abused yet another underage victim and had also engaged in domestic violence against the mother of the second victim in the presence of their infant child (see Auger, 162 AD3d at 1083; People v D'Adamo, 67 AD3d 1132, 1133 [3d Dept 2009], lv denied 15 NY3d 714 [2010]; James, 45 AD3d at 556). The aggravating factors outweighed any mitigating factors, and the totality of the circumstances thus warranted an upward departure to avoid an under-assessment of defendant's dangerousness and risk of sexual recidivism (see People v Cottom, 207 AD3d 1243, 1245 [4th Dept 2022]; People v Thomas, 186 AD3d 1067, 1068 [4th Dept 2020], lv denied 36 NY3d 902 [2020]; see generally Gillotti, 23 NY3d at 861).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court