People v Cohen (2024 NY Slip Op 05658)

People v Cohen

2024 NY Slip Op 05658

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND KEANE, JJ.

542 KA 23-01583

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACOB COHEN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Onondaga County Court (Theodore H. Limpert, J.), dated March 9, 2023. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is modified on the law by determining that defendant is a level two risk pursuant to the Sex Offender Registration Act and as modified the order is affirmed without costs.
Memorandum: In appeal No. 1, defendant appeals from an order determining, inter alia, that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). In appeal No. 2, defendant appeals from an order denying his motion for leave to renew and reargue County Court's SORA determination. We conclude in appeal No. 1 that the court erred in granting the People's request for an upward departure from risk level two to risk level three, and we therefore modify the order accordingly. Insofar as the order in appeal No. 2 denied that part of defendant's motion seeking leave to reargue, no appeal lies from that part of the order (see Kelsey v Hourigan, 175 AD3d 918, 919-920 [4th Dept 2019], lv denied 34 NY3d 913 [2020]; JPMorgan Chase Bank, N.A. v Kobee, 140 AD3d 1622, 1624 [4th Dept 2016]). Insofar as the order in appeal No. 2 denied that part of defendant's motion seeking leave to renew, we dismiss the appeal as moot in light of our determination in appeal No. 1 (see Kelsey, 175 AD3d at 920; JPMorgan Chase Bank, N.A., 140 AD3d at 1624).
Prior to the SORA hearing, the People prepared a risk assessment instrument recommending that 100 points be assessed against defendant, who had been sentenced to shock probation on the qualifying sex offenses, making him a presumptive level two risk. Relying on an evaluation of defendant completed by a psychiatrist retained by the defense during the criminal proceeding, however, the People sought an override to risk level three based on "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006 ed.]; see People v Grief, 223 AD3d 917, 919 [2d Dept 2024]; People v Miller, 186 AD3d 1095, 1097 [4th Dept 2020], lv denied 36 NY3d 903 [2020]). The psychiatrist, who evaluated defendant following his arrest, concluded that he suffers from bipolar 1 disorder, which can result in impaired judgment and impulsiveness. The psychiatrist opined that, although defendant had received psychiatric treatment for almost a decade, he had been misdiagnosed and was never treated for bipolar disorder.
In the alternative, the People requested an upward departure based on defendant's post-offense conduct and attitude, which, according to the People, demonstrated that he "struggle[d] to accept responsibility" for his crimes and presented a high rate of recidivism. Notably, the People did not seek an upward departure due to defendant's bipolar disorder diagnosis and its [*2]effect on his judgment and impulsivity. Defendant opposed the People's requests and sought a downward departure to risk level one based on the same psychiatric report relied on by the People for their override request.
The court assessed 95 points against defendant, making him a presumptive level two risk, and denied the People's request for an override to risk level three, concluding that bipolar 1 disorder, unlike pedophilia or sexual sadism, did not constitute a psychological abnormality that decreased defendant's ability to control impulsive sexual behavior within the meaning of SORA. The court nevertheless granted the People's request for an upward departure to risk level three based on defendant's bipolar diagnosis and his post-offense conduct. The only post-offense conduct referenced by the court was a statement that defendant made to one of the victims the morning after the sexual assaults when the victim accused defendant of having abused her. Defendant said in response, "honestly, it's just your word against mine." As noted, the People argued that defendant's statement demonstrated that he refused to accept responsibility. We agree with defendant that the court erred in granting the People's request for an upward departure.
When the People establish by clear and convincing evidence the existence of aggravating factors that are, "as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines," a SORA court "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure" from the sex offender's presumptive risk level (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Havlen, 167 AD3d 1579, 1579 [4th Dept 2018]). An aggravating factor is one that tends to "establish a higher likelihood of reoffense or danger to the community" (People v Thomas, 186 AD3d 1067, 1068 [4th Dept 2020], lv denied 36 NY3d 902 [2020] [internal quotation marks omitted]).
Here, we conclude that the People failed to prove by clear and convincing evidence that defendant is more likely to reoffend based on his bipolar diagnosis. The only evidence offered by the People at the SORA hearing was the report prepared by defendant's expert, who opined that "impaired judgment is a common disability in Bipolar Disorder, as is impulsiveness." The expert further opined that defendant's "judgment was impaired by his disorder" when he committed the crimes, and that he "acted impulsively because of his then undiagnosed (and inadequately treated) illness." The fact that defendant's bipolar condition may have impaired his judgment and decreased his ability to control impulsive sexual behavior when he committed the qualifying offenses does not mean, ipso facto, that he is at a greater risk of reoffending in the future as a result of his bipolar condition. Defendant's mental illness was undiagnosed and untreated when he committed the qualifying offenses, and there is no evidence in the record indicating a reluctance or inability on defendant's part to follow treatment recommendations and take prescribed medications now that he has been properly diagnosed.
We further conclude that an upward departure was not warranted based on defendant's post-offense statement to one of the victims. Although the statement in question may show, as the People asserted, that defendant failed to accept responsibility for his crimes, an offender's failure to accept responsibility is taken into account under risk factor 12 on the risk assessment instrument. Thus, an upward departure cannot be granted based on defendant's statement (see generally Gillotti, 23 NY3d at 861; People v Torres-Acevedo, 213 AD3d 1266, 1266 [4th Dept 2023]).
Finally, we reject defendant's contention that the court erred in denying his request for a downward departure to risk level one. Even assuming, arguendo, that the psychiatric report constitutes a mitigating factor not taken into consideration by the SORA guidelines, we cannot say that the court, after weighing the aggravating and mitigating factors, abused its discretion in determining that the totality of the circumstances does not warrant a departure to avoid an over-assessment of the defendant's "dangerousness and risk of sexual recidivism" (Gillotti, 23 NY3d at 861; see People v Rivera, 144 AD3d 1595, 1596 [4th Dept 2016], lv denied 28 NY3d 915 [2017]).
All concur except Bannister, and Keane, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. At the time of the Sex Offender Registration Act determination, it was not the position of the People that defendant was more likely to [*3]reoffend simply because of his bipolar diagnosis. Rather, the People contended that it was defendant's overall clinical assessment, particularly his manic and hypomanic behavior—a symptom common to, but also occurring in the absence of, a diagnosis of bipolar disorder—that evidenced his "difficulty controlling his impulses" and warranted an upward departure (see People v Mallaber, 59 AD3d 989, 990 [4th Dept 2009], lv denied 12 NY3d 710 [2009]).
We also respectfully disagree with the majority's conclusion that an offender's failure to accept responsibility is adequately taken into account under risk factor 12 on the risk assessment instrument and that an upward departure thus cannot be based on defendant's statement (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). Here, the court relied on a series of actions taken by defendant—including returning to the scene of the crime the following morning and telling one of the victims "honestly, its just your word against mine"—as aggravating factors that warranted an upward departure to risk level three.
"A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors[,] . . . [the court determines that] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (People v Abraham, 39 AD3d 1208, 1209 [4th Dept 2007] [internal quotation marks omitted]; see generally Gillotti, 23 NY3d at 861). We conclude, contrary to defendant's contention, that the People satisfied their burden of demonstrating the existence of such an aggravating factor, and we would therefore affirm.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court