People v Wheeler (2025 NY Slip Op 05612)

People v Wheeler

2025 NY Slip Op 05612

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, NOWAK, DELCONTE, AND KEANE, JJ.

739 KA 24-00682

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTY A. WHEELER, DEFENDANT-APPELLANT. 

ALAN P. REED, BATH, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Steuben County (Jason L. Cook, J.), rendered April 19, 2024. The judgment convicted defendant upon her plea of guilty of driving while ability impaired by drugs. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of driving while ability impaired by drugs as a class E felony (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [c] [i] [A]). To the extent that defendant contends that her plea was not voluntarily, knowingly, or intelligently entered, she failed to preserve that contention for our review because she did not move to withdraw the plea or to vacate the judgment of conviction (see People v Wilkes, 160 AD3d 1491, 1491 [4th Dept 2018], lv denied 31 NY3d 1154 [2018]; People v Hill, 128 AD3d 1479, 1480 [4th Dept 2015], lv denied 26 NY3d 930 [2015]; People v Williams, 124 AD3d 1285, 1285 [4th Dept 2015], lv denied 25 NY3d 1078 [2015]). Furthermore, this case does not fall within the rare exception to the preservation requirement set forth in People v Lopez (71 NY2d 662, 666 [1988]; see Hill, 128 AD3d at 1480).
Under the terms of defendant's plea agreement, she was placed on a one-year period of interim probation, which, if successfully completed, would be followed by two more years of probation, and she would be permitted to withdraw her plea and the felony charge to which she pleaded guilty would be reduced to a misdemeanor. County Court explained during the plea colloquy that defendant would be entitled to the reduction only if she was "successful" in complying with the conditions of the interim probation. The court provided her with a written copy of those conditions, which defendant acknowledged and signed. At the end of the period of interim probation, a probation department report stated that defendant had not been successful, based on violations of two of the written conditions. The court offered defendant an opportunity to review and respond to the probation report, but defendant stated that the court should move forward with sentencing. The court then determined that, because defendant had violated the conditions of her interim probation, she would not be entitled to withdraw the felony plea and sentenced her to a five-year term of probation.
To the extent that defendant contends that the court failed to conduct a sufficient inquiry before it concluded that she was unsuccessful on interim probation, defendant failed to preserve that contention for our review (see People v Butler, 151 AD3d 1959, 1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]). In any event, that contention lacks merit. The record establishes that, in accordance with the procedure set forth in CPL 400.10 (3), the court "advise[d] [defendant] of the factual contents of any report or memorandum it ha[d] received" regarding the alleged violations of interim probation (id.), allowed defendant to respond to those allegations, and conducted a summary hearing that "was of sufficient depth to enable the court to determine that defendant failed to comply with the terms and conditions of [her] interim probation supervision" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [*2][2008] [internal quotation marks omitted]; see People v Wissert, 85 AD3d 1633, 1633-1634 [4th Dept 2011], lv denied 17 NY3d 956 [2011]).
Although defendant now contends that the court improperly delegated its fact-finding function to the probation department in making its determination, she failed to preserve that contention for our review inasmuch as she did not object on that ground when the court gave her an opportunity to do so (see People v Boje, 194 AD3d 1367, 1368 [4th Dept 2021], lv denied 37 NY3d 970 [2021]; People v Koons, 187 AD3d 1638, 1639 [4th Dept 2020]; People v Dissottle, 68 AD3d 1542, 1544 [3d Dept 2009], lv denied 14 NY3d 799 [2010]). In any event, that contention lacks merit. The court was not required to conduct an evidentiary hearing to determine the veracity of the probation report, particularly where, as here, defendant did not dispute the facts therein (see generally People v Albergotti, 17 NY3d 748, 750 [2011]; People v Tengbeh, 189 AD3d 2151, 2152 [4th Dept 2020], lv denied 36 NY3d 1100 [2021]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court