People v Baker (2026 NY Slip Op 00735)

People v Baker

2026 NY Slip Op 00735

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, NOWAK, DELCONTE, AND HANNAH, JJ.

955 KA 22-01569

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vJERMAINE BAKER, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered September 13, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal sexual act in the third degree (Penal Law former § 130.40 [2]). Under the terms of defendant's plea agreement, he was placed on a one-year period of interim probation and, if he successfully completed it, defendant would be permitted to withdraw his plea and instead plead guilty to one count of endangering the welfare of a child (§ 260.10 [1]). The People alleged that defendant violated the conditions of his interim probation and, after a hearing, defendant's interim probation was revoked and he was sentenced to a term of incarceration.
As defendant contends, and the People correctly concede, defendant's "waiver of the right to appeal does not encompass his contention that [County] Court erred in imposing an enhanced term of incarceration based on postplea conduct" (People v Lopez, 204 AD3d 1529, 1529 [4th Dept 2022]; see People v Streeter, 71 AD3d 1463, 1464 [4th Dept 2010], lv denied 14 NY3d 893 [2010]). However, we reject defendant's contention that the People were required to establish, pursuant to CPL 410.70 (3), that defendant violated the conditions of his interim probation by a preponderance of the evidence. Contrary to defendant's contention, " '[t]he procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation' " (People v McIntosh, 213 AD3d 1266, 1267 [4th Dept 2023]; People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]). Rather, "because interim probation is imposed prior to sentencing, the presentence procedures set forth in CPL 400.10 apply" (People v Boje, 194 AD3d 1367, 1368 [4th Dept 2021], lv denied 37 NY3d 970 [2021]; see Rollins, 50 AD3d at 1536), notwithstanding the fact that "[the c]ourt and the parties . . . improperly characterized the procedure to revoke the interim probation supervision as a violation of probation hearing" (Rollins, 50 AD3d at 1535-1536). Consistent with CPL 400.10 (3), the court here conducted a summary hearing that was sufficient to "enable the court to determine that defendant failed to comply with the terms and conditions of his interim probation supervision" (Rollins, 50 AD3d at 1536) and, in any event, the evidence adduced was sufficient even if viewed under the standard set forth in CPL 410.70 (3).
Defendant contends that, even if he violated the conditions of his interim probation, the court abused its discretion in revoking his interim probation and imposing a sentence on the pleaded-to offense of criminal sexual act in the third degree (Penal Law former § 130.40 [2]), because a conviction of that offense results in statutorily mandated registration under the Sex Offender Registration Act (SORA) (Correction Law § 168 et seq.). Defendant maintains that the court had discretion to continue his interim probation and, presumably, to allow him to withdraw [*2]his plea to criminal sexual act in the third degree and plead instead to an offense that does not require SORA registration. However, defendant never requested that the court exercise such discretion, nor did defendant move to withdraw his plea, and therefore defendant's contention is not preserved for our review (see generally People v Edwards, 239 AD3d 1478, 1478 [4th Dept 2025], lv denied 44 NY3d 1010 [2025]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [c] [3]).
We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court