People v Nixon

2026 NY Slip Op 02506

April 24, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

v

KENNETH NIXON, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department

Decided on April 24, 2026

100 KA 22-01564

Present: Bannister, J.P., Montour, Smith, Nowak, And Delconte, JJ.

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

BRIAN P. GREEN, DISTRICT ATTORNEY, ROCHESTER (BRIDGET FIELD OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered August 24, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (two counts) and menacing a police officer or peace officer (two counts).

[*1]

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and two counts of menacing a police officer or peace officer (§ 120.18). County Court initially imposed a term of interim probation supervision (see CPL 390.30 [6]), but the court subsequently revoked the interim probation and sentenced defendant to concurrent terms of incarceration. We affirm.

Preliminarily, we agree with defendant that, under "the totality of the circumstances" presented here, his waiver of the right to appeal is invalid (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]; see People v Magee, 191 AD3d 1323, 1323-1324 [4th Dept 2021]). Consistent with our "responsibility to oversee the [plea] process and to review the record to ensure that the defendant's waiver of the right to appeal reflects a knowing and voluntary choice" (People v Callahan, 80 NY2d 273, 280 [1992]; see Thomas, 34 NY3d at 559), we must look at "all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement" (Thomas, 34 NY3d at 559-560 [internal quotation marks omitted]).

Here, the court stated on the record, after refusing to suppress certain statements made by defendant, that, although the People opposed a youthful offender adjudication and were unwilling to make a plea offer, it would extend a plea offer. The court then set forth the details of its proposed plea agreement and sentencing commitment, advising defendant that if he pleaded guilty to the indictment, in exchange the court would commit to imposing a one-year term of interim probation. Additionally, if defendant was successful, the court would further commit to grant him youthful offender status and sentence him to four years of probation; however, if defendant failed to abide by the terms and conditions of interim probation, the court would impose a sentence of up to five years of incarceration, followed by five years of postrelease supervision. Notably, the court's plea offer did not require defendant to waive his right to appeal in exchange for the court's sentencing commitment. Defendant stated that he understood the terms of the court's offer, and the court set a deadline of two weeks for defendant to accept the offer or proceed to trial.

Two weeks later, defendant appeared for a plea proceeding, at the outset of which defense [*2]counsel notified the court that defendant wanted to accept the court's offer. In response, the court once again stated the terms of its plea offer and sentencing commitment. At no time did the court state in its reiteration that its plea offer was conditioned on defendant's waiver of his right to appeal. Defendant responded that he accepted the court's offer, and the court immediately began conducting the plea colloquy, closely following the model language. During the plea colloquy, after having advised defendant of his Boykin rights (see Boykin v Alabama, 395 US 238, 243 [1969]), the court stated, without explanation, that the waiver of defendant's right to appeal was a condition of the court's plea agreement. The court then conducted the waiver of the right to appeal colloquy, closely following the model language, and, at one point, asked defendant if he was willing to waive his right to appeal "in exchange for the plea and sentence agreement," to which the defendant responded affirmatively. The court thereafter continued with the remainder of the plea colloquy, at the conclusion of which defendant was placed on interim probation and released on his own recognizance.

While "a defendant has a fundamental right to appellate review of a criminal conviction" (People v Yavru-Sakuk, 98 NY2d 56, 59 [2002]), including one rendered upon a plea of guilty (see NY Const, art VI,

§ 4 [k]; CPL 450.10 [1]; Callahan, 80 NY2d at 284), there is generally "no public policy precluding defendants from waiving their rights to appeal as a condition of the plea and sentence bargains" (People v Seaberg, 74 NY2d 1, 10 [1989]). A public policy concern arises, however, where, as here, a court proposes a plea agreement predicated upon the defendant's plea of guilty to unreduced charges on the basis of the defendant's understanding as to the court's anticipated sentence. In that circumstance, the consent of the People is not required because the charges remain as presented (see CPL 220.10 [2]) and the sentencing responsibility remains exclusively with the court, which has the obligation and discretion to impose sentence in light of the information obtained from the presentence report or other sources (see People v Farrar, 52 NY2d 302, 306 [1981]). Therefore, the People are not in a position to demand a waiver of the defendant's right to appeal, nor is such a waiver—or any other plea condition—necessary to secure the People's consent.

It follows, then, that a court's demand of an appeal waiver as a condition of such a plea agreement gives rise to the appearance that the court is seeking to shield its decisions from appellate review or otherwise act as an advocate for the People (see United States v Gonzalez-Melchor, 648 F3d 959, 964 [9th Cir 2011]) and has thereby "assum[ed] the function of an interested party and deviat[ed] from its own role as a neutral arbiter" (People v Towns, 33 NY3d 326, 333 [2019]; see People v Sutton, 184 AD3d 236, 242-244 [2d Dept 2020], lv denied 35 NY3d 1070 [2020]). Thus, pursuant to the long-standing principle that "[n]ot only must judges actually be neutral, they must appear so as well" (People v Novak, 30 NY3d 222, 226 [2017]), and consistent with our "responsibility to oversee the [plea] process and to review the record" (Callahan, 80 NY2d at 280; see Thomas, 34 NY3d at 559), where a waiver of the defendant's right to appeal is a condition of a court-initiated plea agreement that does not require the People's consent, the waiver is invalid and unenforceable unless it is apparent from the record that the court had a distinct and proper reason to demand the waiver and foreclose judicial review at the time the demand was made (see Sutton, 184 AD3d at 244-245). In applying that principle, we note that we have not adopted, and we do not now adopt, the requirement of Sutton that courts must "articulate a reason for requiring a[n appeal] waiver in a . . . plea proceeding" (People v Figueroa, 230 AD3d 1581, 1583 [4th Dept 2024], lv denied 42 NY3d 1079 [2025]; see People v Williams, 246 AD3d 1370, 1370 [4th Dept 2026]). Instead, we must look to the record as a whole to determine whether there is a distinct and proper reason for the court's demand that a defendant waive their right to appeal. In our view, that review of the record is necessary to address our concern "that trial judges may encourage the use of appeal waivers in order to insulate their decisions from appellate review and thus avoid reversals" (Sutton, 184 AD3d at 242-243; see Thomas, 34 NY3d at 559).

Upon our review of the record here, including the court's recitation of its plea offer after denying suppression and its subsequent reiteration of the offer at the outset of the plea proceeding, we conclude that it is not apparent that the court had a distinct and proper reason to demand the waiver of defendant's right to appeal as a condition of the plea agreement when the demand was made here during the plea colloquy. Therefore, the waiver of the right to appeal is invalid.

With respect to the merits, defendant contends that the court failed to conduct a sufficient inquiry before determining that he violated the conditions of his interim probation and thereby abused its discretion and violated his statutory and due process rights in revoking his interim probation. While that contention would survive even a valid waiver of the right to appeal (see People v Butler, 151 AD3d 1959, 1959-1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]; People v Rodas, 131 AD3d 1181, 1181-1182 [2d Dept 2015], lv denied 26 NY3d 1111 [2016]; People v Streeter, 71 AD3d 1463, 1464 [4th Dept 2010], lv denied 14 NY3d 893 [2010]), we conclude that, even assuming, arguendo, that the contention is preserved for our review (see CPL 470.05 [2]; see generally People v Albergotti, 17 NY3d 748, 750 [2011]), it lacks merit.

The record establishes that, in accordance with the procedure set forth in CPL 400.10 (3), the court confirmed that defendant had been advised of "the factual contents of any report or memorandum [the court] ha[d] received" regarding the alleged violations of interim probation (id.), allowed defendant to respond to those allegations, and conducted a summary hearing that "was of sufficient depth to enable the court to determine that defendant failed to comply with the terms and conditions of his interim probation supervision" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008] [internal quotation marks omitted]; see People v Wheeler, 242 AD3d 1630, 1631-1632 [4th Dept 2025]; People v Alsaaidi, 173 AD3d 1836, 1837 [4th Dept 2019], lv denied 35 NY3d 940 [2020]). The summary hearing "was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (Rollins, 50 AD3d at 1536, quoting People v Outley, 80 NY2d 702, 712 [1993]; see People v McIntosh, 213 AD3d 1266, 1267 [4th Dept 2023]; People v Boje, 194 AD3d 1367, 1368 [4th Dept 2021], lv denied 37 NY3d 970 [2021]). Indeed, upon conducting the summary hearing, the court possessed sufficient reliable and accurate information to support its conclusion that defendant violated the conditions of his interim probation by failing to adhere to his curfew and by failing to report to his probation officer as directed (see People v Bolster, 210 AD3d 1205, 1206-1207 [3d Dept 2022]; People v Waite, 119 AD3d 1086, 1087-1088 [3d Dept 2014]; see generally McIntosh, 213 AD3d at 1267; People v Lynn, 144 AD3d 1491, 1492-1493 [4th Dept 2016], lv denied 28 NY3d 1186 [2017]). Moreover, defendant did not dispute that he was aware of the conditions of his interim probation; rather, defendant acknowledged that he violated those conditions by failing to adhere to his curfew and failing to report to his probation officer as directed (see People v Butler, 151 AD3d 1959, 1960 [4th Dept 2017], lv denied 30 NY3d 948 [2017]; Waite, 119 AD3d at 1087-1088; see also Wheeler, 242 AD3d at 1632).

We reject defendant's contention that the court, having resolved the threshold issue of youthful offender status eligibility in defendant's favor (see CPL 720.10 [2], [3]), abused its discretion in refusing to grant him youthful offender status, and we decline to grant his request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see People v Lewis, 128 AD3d 1400, 1400-1401 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]).

Finally, defendant's sentence is not unduly harsh or severe.

Entered: April 24, 2026

Ann Dillon Flynn

Clerk of the Court